[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PENDENTE LITE MOTIONS (DOCKET ENTRIES 105, 106 AND 108)
MOTION 106
Based on his financial affidavits, the court finds the plaintiff has a surplusage of no less than $440 per week under any circumstances; when one considers weekly voluntary payments of $308 to his 401k, he has extra income of $741 per week available to him.
Based on the defendant's financial affidavit and the evidence, I find her true weekly expenses to be no greater than $850 when one considers the deduction of considerable household expenses as business expenses in view of the use of her home to conduct business, see clients, etc. Her true net weekly income is presently no less than $200 — and likely more — when the claimed deductions of inventory costs and computer costs (ordinary business expenses) are added back. She thus has a shortfall of perhaps as much as $650 per week — or as little as $550 per week. The court notes her present house lease expires this fall, and she will then have the opportunity to secure a rental at less than the present rental of $2,184.40 per month; that together with the increase in earnings she testified she anticipated by year's end should decrease the amount of the shortfall she will continue to have given this order.
No child support guideline worksheet was offered the court as required. The suggestion was that a strict application of the guidelines would result in the plaintiff's payment of $484 per week. Were that so, a downward deviation is clearly in order in view of the parties' shared parenting arrangement which results in the children spending more overnights with their father than with their mother, the father's providing them dinner on "most" nights when the children stay over, his providing them breakfast and making their school lunch (on the school days following their overnights), his significant financial contribution to the children's activities, their medical/dental costs, etc.
The plaintiff is ordered to pay child support in the sum of $1,325 per month — $308.14 per week to begin the week of June 25, 2001 CT Page 8384 — pendente lite. He shall continue to keep in effect the policy of medical insurance for the children at his expense. No amount in alimony is awarded.
MOTIONS 106 AND 108
The defendant has moved for joint legal custody with primary residence of the children to be with her pendente lite (This motion was incorrectly docketed as number 106 as well.). The plaintiff has moved for joint legal custody and sole physical custody as well as for an order of child support pendente lite (number 108).
At present the children live with the mother and attend school in Fairfield by the prior consent of the parties. The children have already experienced one change in school, having moved from the Easton school system when the couple separated in September of 2000. The husband now lives in Trumbull; he wants the children to live in his home and begin school in Trumbull in September, 2001. Both parties have agreed to undergo a "custody evaluation in view of each wanting primary physical custody. To order a change in the children's current residency and a change of schools would be unnecessarily traumatic for the children and thus not in their best interest. This is particularly so since pending the outcome of the custody evaluation and/or trial it may again be necessary to change both their residence and their school. The court is also mindful the father does not return from his week day employment in New York until approximately 7:15 p.m. and the children are in bed by 9:30 p.m. on school nights. Contrarily, Contrarily, the mother works at home and is therefore available to them upon their return from school each day.
Finding any change in residency or school to be premature and contrary to the children's best interest at this time, joint legal custody with physical residence at the mother's home is ordered continued pendente lite.
Motion 105
The plaintiff has moved for the appointment of counsel for children pendente lite. Counsel have agreed such appointment appears unnecessary at the present time and the motion is denied without prejudice.
B. J. SHEEDY, JUDGE